**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER ANDERSON, NATASHA WILSON, MARCEL EDWARDS, SERENA HAWKINS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NEXTEL RETAIL STORES, LLC, <br><br> Defendant. | Case No. CV07-4480-SVW(FFM\X) <br><br> **MODIFIED [PROPOSED] FINAL JUDGMENT** |
| MAGALY QUINTEROS, CHRISTINA MARIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SPRINT NEXTEL CORPORATION, et al., <br><br> Defendants. | Case No.: 2:07-cv-06362-SVW(FFM) |
| NICOLE A. SENFF, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SPRINT NEXTEL, et al. <br><br> Defendants. | Case No.: 2:07-cv-06576-SVW(FFM) |

Plaintiffs moved this Court for final approval of the Settlement and have submitted documents in support thereof. There was one objection filed with respect to the scope of the release contained in the Settlement. Plaintiffs' motion came on for hearing before this Court on April 27, 2009, at 1:30 p.m. in Courtroom 6 of the United States District Court for the Central District of California, pursuant to noticed motion and notice to the Certified Class. Counsel for the Parties and the Objectors were present.

On April 12, 2010, the Court entered an Order granting final approval subject to a narrowing of the class members' release to exclude the release of claims brought under the Fair Labor Standards Act, and upon the sending of a revised notice to all settlement class members as proposed by the Parties in the Joint Response of Plaintiffs and Defendants to the Court's Order Re Final Approval of the Settlement Agreement [Docket No. 102] (hereinafter, Joint Response).

The Court received information in support of Plaintiffs' motion for attorneys' fees, costs and enhancement fees for the named Plaintiffs. The Court requested and received additional information regarding the request for fees, and on June 30, 2010, it issued its Order Granting-in-Part and Denying-in-Part Motion for Approval of Fees, Costs and Enhancement.

The Court, having fully considered Plaintiffs' Motion, the Memorandum of Points and Authorities filed in support thereof, the Declarations filed in support thereof, the Settlement Agreement itself, the objection filed by Tracy Hernandez, the parties' Joint Response, and oral argument presented to this Court and on that basis, the Court **HEREBY ORDERS AND DETERMINES** as follows:

1. **ORDER FINALLY APPROVING THE SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL**

The Court finds that certification of the Class, as defined below, for settlement purposes only, is appropriate under Federal Rule of Civil Procedure 23

and related case law:

The "Settlement Class" consists of:

a. All persons employed by Nextel Retail, LLC who were hired, re-hired or transferred into a retail store consultant position in retail sales locations in the State of California at any time from August 27, 2005, to October 28, 2008;

b. All persons employed by Sprint/United Management Company ("SUMC") or Nextel Retail, LLC in the State of California who received a negotiable paper paycheck from SUMC or Nextel Retail, LLC from July 14, 2006, to April 5, 2007;

c. All persons employed by SUMC who were hired, re-hired or transferred into a retail store consultant position in retail sales locations in the State of California at any time from June 29, 2007, to October 28, 2008.

The Court finds that this Class meets ascertainability, numerosity, commonality, and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods. The Court finds that (1) Plaintiffs AMBER ANDERSON, NATASHA WILSON, MARCEL EDWARDS, SERENA HAWKINS, MAGALY QUINTEROS, CHRISTINA MARIN, and NICOLE SENFF are adequate class representatives and appoints them as such, and (2) Class Counsel has adequately represented the Class, and their appointment as Class Counsel is confirmed. Accordingly, the Court finally certifies the Class described above for settlement purposes only.

**2.  FINAL APPROVAL OF NOTICE PROGRAM**

Pursuant to the Court's Preliminary Approval Order, the approved form Notice was mailed to the Class Members by first class mail. The Notice informed Class Members of the terms of the Settlement, their opportunity to file claims or to opt-out, to file written objections, and to appear in person or by counsel at the fairness hearing. A second notice was sent when it was discovered that the release

1 language in the claim form was inadvertently different from the Settlement
2 Agreement and Notice. The difference was that the language of the release as stated
3 in the claim form was both over and under-inclusive as opposed to the actual
4 language. The second notice corrected this issue and accurately advised class
5 members of the scope of the applicable release. Finally, the parties have agreed to a
6 third notice to the settlement class members to be placed on the check stub, and with
7 respect to those who have opted-out via a separate notice, to advise them of the
8 release as modified by the parties in the Joint Response. In conjunction with the
9 third notice, Defendants have agreed to provide individuals who previously opted-
10 out of the settlement with a second opportunity to make claims against the
11 settlement.
12    The Court finds these procedures afforded protections to Class Members and
13 provide the basis for the Court to make an informed decision respecting approval of
14 the Settlement. The Court further finds that the Notice provided in this case was the
15 best practicable notice and satisfied the requirements of Federal Rule of Civil
16 Procedure 23 and Constitutional due process.
17    Defendants have filed documents with this Court to show compliance with 28
18 U.S.C. § 1715(b), which requires that Defendants notify the Attorney General of the
19 United States and the appropriate State official of each State where a Settlement
20 Class Member resides. The Court finds that Defendants have complied with this
21 statute.
22    **3.     FINAL APPROVAL OF THE SETTLEMENT**
23    The Court has reviewed the Settlement Agreement, as modified by the Joint
24 Response, and finds that the settlement is fair, adequate and reasonable when
25 balanced against the possible outcomes of further litigation relating to class
26 certification, liability and damages. The Court further finds that extensive
27 investigation, informal and formal discovery, and research have been conducted
28

such that counsel for all parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those that have already been incurred by both parties and will avoid delay and risks that would be presented by further prosecution of the litigation. The Court finds that the Settlement has been reached after intensive, serious and non-collusive at arm's-length negotiations.

Taking into account (1) the value of the Settlement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the stage of litigation when Settlement was reached, (4) the complexity, expense and likely duration of the litigation in the absence of settlement, and (5) the experience and views of Class Counsel, the Court finds that the Settlement is fair, adequate, reasonable and deserves this Court's final approval.

Pursuant to the terms of the Stipulation of Settlement, in exchange for the Class Members agreeing to release the Released Claims, as modified by the Joint Response, Defendants agreed to pay to the Class Members a maximum payment of $2,800,000.00, which is inclusive of attorneys' fees to Class Counsel in the total amount of $372,601.50. The Court finds that the Settlement is fair, reasonable and adequate in all respects. The Court further finds that the Settlement was made in good faith, negotiated at arm's-length and represents the best interests of the Parties and the absent Class Members. Accordingly, the Court orders the parties to consummate the Settlement in accordance with the terms of the Stipulation of Settlement, as modified by the Joint Response.

Neither this Final Judgment nor the Settlement shall constitute an admission by Defendants of any liability or wrongdoing whatsoever, nor is this Final Judgment a finding of the validity or invalidity of any claims in the action or a finding of wrongdoing by Defendants. Should any reviewing Court on direct appeal and/or on writ of certiorari to the Supreme Court of the United States invalidate the Settlement

Agreement or require its modification, the Settlement Agreement and any documents associated with it shall be null and void, inadmissible, and unusable in any Court proceeding regarding any issue whatsoever, and shall not be considered a binding Settlement Agreement, unless Plaintiffs and Defendants expressly and voluntarily approve in writing to any such required modification by any reviewing Court.

### 4. DISMISSAL AND RELEASE

The Court received the objection filed by Nichols Kaster, PLLP, Nichols Kaster, LLP and Stueve Siegel and Hanson LLP on behalf of Tracy Hernandez and the Class she represents. The Court overrules the objection because the claims released arise from the identical factual predicate and/or common nucleus of operative facts as the claims at issue in this action. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1287-88 (9th Cir. 1992). Both this action and Sibley v. Sprint/Nextel Corporation, Case No. 08-2222-KHV (D. Kan.), involve claims regarding commission payments and deductions or chargebacks against these payments to Defendants' retail employees. The Court also finds that the Notice provided reasonable and adequate notice to the potential class members so that they understood the scope of the release and the terms they were asked to consider. Fed. R. Civ. P. 23(c)(2)(B). Because parties are entitled to release claims in accordance with the terms of the Settlement Agreement, as modified by the Joint Response, this action shall be dismissed on the merits and with prejudice, with each party bearing its own costs, except as provided in the Settlement Agreement.

Without affecting the finality of the Final Judgment, the Court reserves the continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms to the mutual benefit of the parties.

### 5. ATTORNEYS' FEES AND COSTS

The Court finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure compensation to the Class, are entitled to a fee, and accordingly, the Court awards attorneys' fees to Class Counsel in the total amount of $372,601.50, and litigation costs of $13,136.97. [6/30/10 Order, Docket No. 110.] These amounts are payable directly by Defendants as set forth in the Stipulation of Settlement.

The difference between the maximum amounts of fees and costs allowed under the Settlement Agreement and the amounts awarded are to be distributed to Class Members in accordance with the terms of the Settlement Agreement. The request for enhancement fees for the Class Representatives having been denied, [6/30/10 Order, Docket No. 110], the amounts requested but not awarded will be distributed to Class Members in accordance with the terms of the Settlement Agreement.

### 6. CLAIMS ADMINISTRATION

The Court approves that Rust Consulting will administer the Settlement and further directs Defendants to pay the settlement amounts according to the Stipulation of Settlement.

The Court further approves the payment of claims administration fees to Rust Consulting in the amount of $45,547.00.

### 7. PAGA PENALTIES

In release of Plaintiffs' claim under California Labor Code section 2698, et seq., the Labor Code Private Attorneys General Act of 2004, the Parties allocated $30,000.00 as PAGA penalties. The Court finds that this amount is fair and reasonable and will fully satisfy the Parties' obligation under section 2698, et seq. to pay any amounts attributable to PAGA penalties.

**8.  CONCLUSION**

For the reasons set forth in the Court's Order granting final approval of the Settlement entered on April 12, 2010, and Order Granting-in-Part and Denying-in-Part Motion For Approval of Fees, Costs, and Enhancement dated June 30, 2010, the Court approves the settlement, attorneys' fees, expenses, and costs as set forth herein.  Service has been effected as required by 28 U.S.C. § 1715 and the only objection is overruled.

**DATED:** __July 20__, **2010**     __/s/ Stephen V. Wilson__
Hon. Steven V. Wilson
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28